IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re THE VILLAGES AT SARATOGA SPRINGS, <br><br>Debtors.<br><br>Bankr. No. 05-3380 | **ORDER AFFIRMING BANKRUPTCY COURT DECISION** |
| JERROLD CROSS,<br><br>Appellant,<br><br>vs.<br><br>JOHN D. JACOB,<br><br>Appellee. | Case No. 2:06-CV-1048 |

Jerrold Cross has appealed the decision of the bankruptcy court granting John Jacob's motion for summary judgment. By granting Jacob summary judgment, the bankruptcy court denied Cross's proof of claim against the bankruptcy estate to recover a 12.5% interest in the profits of the Villages at Saratoga Springs, LLC. The bankruptcy court found that any interest Cross may have as a seller of the Villages LLC belongs to the dissolved Jacob/Cross Partnership because the purchase agreement specifically states that the seller is the Jacob/Cross Partnership and Cross failed to raise an issue of material fact demonstrating that the partnership interest was

transferred to the individual partners. Although the Jacob/Cross Partnership had dissolved before the transfer of the Villages LLC, there was no evidence of affirmative steps or actions taken to transfer the Jacob/Cross Partnership interest in the Villages LLC to Cross and Jacob personally. The record presented supports the bankruptcy court's factual determinations and legal applications. Consequently, the court affirms the bankruptcy court's decision in whole. Oral argument is unnecessary, as the record is sufficiently detailed and clear.

## BACKGROUND

In or around 1996, John D. Jacob and Jerrold Cross formed a partnership. The Jacob/Cross Partnership bought and sold real property and water rights, with Jacob and Cross sharing profits equally.

On January 17, 2003, the Jacob/Cross Partnership entered into an agreement in which it acquired 100% of the membership interest in the Villages at Saratoga Springs, LLC ("Villages LLC"). Although Cross did not appear to actively participate in the acquisition of the Villages LLC, Jacob, for purposes of the summary judgment motion and this appeal, concedes that his acquisition of the Villages LLC was on behalf of the Jacob/Cross Partnership. The Villages LLC owned real estate in Saratoga Springs, Utah (the "Villages Property"). The Villages Property remained titled in the Villages LLC after the partnership's acquisition of the membership interest.

In June or July 2003, Jacob and Cross decided to end their partnership. Cross entered into a new partnership with David Olsen, the owner of Hearthstone Development. Cross and Olsen then negotiated the purchase of the Villages LLC and/or the Villages Property from the

Jacob/Cross Partnership.

On October 7, 2003, Cross, Jacob, and Olsen signed a Real Estate Purchase Contract, including Addendum No. One.  Cross asserts that he signed the REPC based on his understanding that he was a seller of the Villages Property.  The body of the form REPC does not identify the seller.  However, Addendum No. One identifies the parties to the REPC as "Hearthstone Development, Inc. or assigns as Buyer, and John D. Jacob[]/Jerry Cross Partnership as Seller."[1]  Jacob and Cross signed the body of the form REPC and Addendum No. One individually.  Olsen signed the body of the form REPC and Addendum No. One as president of Hearthstone.

On November 10, 2003, Hearthstone and Jacob signed a new Operating Agreement for the Villages LLC that reflected the new position that Hearthstone would acquire a membership interest in the Villages LLC rather than purchasing the Villages Property.  The minutes of the November 10, 2003 meeting of the Villages LLC contained, in part, the following language:

> The members note that the changes to the Company by the addition of Hearthstone Development, Inc. as Manager and member, are in anticipation of Hearthstone closing on that certain REPC offer dated on or about October 7, 2003.  Should Hearthstone fail to close on said agreement it agrees to execute such documents as are necessary to revert the ownership and control of the Company to John D. Jacob.  It is also acknowledged that, in accordance with said REPC, Jerry L. Cross maintains an interest in the project being purchased by Hearthstone Development, Inc. and as such also agrees to the terms and changes of these minutes, though not in attendance at the above meeting.[2]

Jacob and Hearthstone signed the November 10 minutes; Jacob individually, and Olsen on behalf

---

[1] Addendum No. One, Appellant App. 8.

[2] Appellant App. 303.

of Hearthstone. Cross was not present at the meeting.

On November 18, 2003, the deal was modified to have Hearthstone purchase a 75% interest in the Villages LLC as opposed to 82%. The December 18 Minutes read in part that "Mr. Olsen advised that loan proceeds had been found which will pay off the approximate $6.2 million in liens attached to the property, but would not pay any further amount of the approximate $6.8 million offered in the REPC to John D. Jacob and Jerry L. Cross for the purchase of 82% interest in the Company."[3] Olsen, for Hearthstone, and Jacob and Cross signed the December 18 Minutes.

On December 20, 2003, Jacob and Hearthstone signed Addendum No. Two to the REPC. Addendum No. Two states that "the purchase price also includes 25% net profits of the project to be paid to Seller."[4] Addendum No. Two identifies the Seller as the "John D. Jacob[]/Jerry Cross Partnership."[5] Cross did not sign Addendum No. Two.

On January 3, 2006, Cross filed a proof of claim in the Villages LLC bankruptcy case. He asserted a claim to "[t]welve and one-half percent (12.5%) profit from the sale of The Villages pursuant to the Real Estate Purchase Contract signed by Olsen, on behalf of Hearthstone Development, Inc., in October, 2003."[6] Jacob objected to the claim and filed a motion for summary judgment asserting that any claim as a seller of the Villages LLC belonged to the

---

[3] Appellant App. 300.

[4] Appellant App. 11.

[5] *Id.*

[6] Appellant App. 2.

Jacob/Cross Partnership. Cross argues that the Jacob/Cross Partnership disbursed its interest in the Villages to Jacob and Cross personally. The bankruptcy court granted summary judgment in favor of Jacob, holding that the partnership did not transfer any interest in the Villages LLC to the individual partners. Cross timely filed this appeal.

## STANDARD OF REVIEW

The court reviews the bankruptcy court's grant of summary judgement *de novo*.[7] As such, the court applies the legal standards set forth in Rule 56 of the Federal Rules of Civil Procedure. Accordingly, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[9] Furthermore, under the *de novo* standard of review, this court gives no special weight to the bankruptcy court's decision.[10] However, the court may consider alternative grounds in the record that support affirming the decision.[11]

---

[7] *Hollytex Carpet Mills, Inc. v. Okla. Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.)*, 73 F.3d 1516, 1518 (10th Cir. 1996).

[8] Fed. R. Civ. P. Rule 56(c).

[9] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

[10] *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991).

[11] *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000).

**DISCUSSION**

Cross challenges the bankruptcy court's decision on two grounds. First, he contends that the bankruptcy court incorrectly assumed that a partnership must complete the winding up process before distributing partnership property. Second, Cross argues that the court incorrectly found that Cross did not maintain a personal claim against the estate as a co-seller of the Villages LLC. Jacob asserts that any claim to profits remains the property of the Jacob/Cross Partnership. Furthermore, Jacob challenges the court's jurisdiction to even address Cross's "claim" because Cross is actually asserting an equity interest in the debtor and any dispute about equity interests does not involve the administration of the bankruptcy estate. The court agrees with Jacob and the bankruptcy court that Cross does not have a personal claim against the estate as a seller of the Villages LLC.

*A.     The Winding Up Process*

Cross first argues that the bankruptcy court incorrectly assumed that a partnership must complete the winding up process before distributing partnership property. This assumption is critical to the case, in the mind of Cross, because Cross does not dispute that the Jacob/Cross Partnership is still in the process of winding up.[12] It would, of course, be incorrect to assume that a partnership must complete the winding up process before distributing partnership property. The "winding up" process is just that – a process that may entail numerous transactions as the partnership winds up its affairs.[13] However, a close reading of the bankruptcy court's decision

---

[12] Appellant's Opening Br. 7.

[13] *See Arndt v. First Interstate Bank of Utah*, 991 P.2d 584, 586-87 (Utah 1999).

reveals that the bankruptcy court did not assume that a partnership must complete the winding up process before distributing partnership property.

The bankruptcy court focused on the lack of evidence demonstrating affirmative steps taken by Cross and Jacob to wind up the affairs of the Partnership. Had Cross produced a document that purported to transfer partnership property to him, the court would have given little weight to the fact that the Jacob/Cross Partnership has not officially terminated. Regardless, the dispositive point is the lack of evidence demonstrating a disbursement of partnership property to Cross and Jacob individually. As is more fully discussed in the next section, this lack of evidence, coupled with express contract language describing the seller of the Villages LLC as the Jacob/Cross Partnership, warrants a grant of summary judgment in favor of Jacob.

      B.      *The Jacob/Cross Partnership took No Steps to Distribute Partnership Property*

Cross has failed to demonstrate that a disputed issue of material fact exists with regard to the alleged transfer of the Jacob/Cross Partnership interest in the Villages LLC to Cross and Jacob individually.

Both parties concede that a dissolved partnership is not terminated until after the winding up process is complete.[14] In other words, partnership assets are not immediately distributed to individual partners simply because the partnership dissolves. In *Arndt v. First Interstate Bank of Utah*, the Utah Supreme Court held that limited partners did not have the right to pursue

---

[14] Utah Code Ann. § 48-1-27 ("On dissolution a partnership is not terminated, but continues until the winding up of partnership affairs is completed.").

derivative claims individually during the winding up process of dissolved limited partnerships.[15] Looking to the Revised Business Corporation Act for guidance, *Arndt* describes some of the actions involved in the winding up of dissolved partnerships:

> (1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
> (a) collecting its assets;
> (b) disposing of its properties that will not be distributed in kind to its shareholders;
> . . .
> (e) doing every other act necessary to wind up and liquidate its business and affairs.[16]

Based on *Arndt*, the bankruptcy court viewed the winding up process as requiring some affirmative actions or steps taken to transfer property to creditors or partners. This court agrees with that interpretation. The question then becomes whether the Jacob/Cross Partnership took affirmative actions or steps to transfer its interest in the Villages LLC to the individual partners. There is no such evidence in the record.

The Jacob/Cross Partnership dissolved in June or July 2003. In support of his argument that the Jacob/Cross Partnership distributed the partnership interest in the Villages LLC to Jacob and Cross individually, Cross points to various documents. First, he notes that Jacob and Cross signed the body of the form REPC and Addendum No. One in their individual names and without reference to their partnership. Second, Cross relies on language in the November 10, 2003 meeting minutes because it states that Cross maintains an interest in the Villages LLC.[17]

---

[15] 991 P.2d 584, 586-87 (Utah 1999).

[16] *Id.* at 586 (quoting Utah Code Ann. § 16-10a-1405 (1995)).

[17] Appellant App. 303.

He also points to the December 18, 2003 meeting minutes because it states that "Mr. Olsen advised that loan proceeds had been found which will pay off the approximate $6.2 million in liens attached to the property, but would not pay any further amount of the approximate $6.8 million offered in the REPC to *John D. Jacob and Jerry L. Cross* for the purchase of 82% interest in the Company."[18]  Cross finds it significant that whenever he and/or Jacob signed these documents, they signed them individually and without reference to the Jacob/Cross Partnership.

      The evidence produced by Cross, viewed in the light most favorable to him, fails to raise an issue of material fact that would preclude summary judgment in favor of Jacob.  The court finds little probative value in the facts that Jacob and Cross were individually mentioned in the meeting minutes or that they signed the documents individually.  First, none of the three documents cited by Cross demonstrates affirmative actions or steps taken to transfer the Villages LLC property to Cross and Jacob individually.  Furthermore, it is not unusual that Cross and Jacob may be referred to individually in minute entries or that each partner would sign the contract or minute entries.  More significant is the fact that the contract, signed by Cross, specifically states that the seller is the Jacob/Cross Partnership.[19]  And although this court need not join the bankruptcy court in assigning significant weight to the fact that there is no document in the record purporting to transfer partnership property to Cross, it is significant that Cross has failed to point to *any* evidence of affirmative steps taken to wind up the partnership's affairs.  Consequently, Cross has no claim against the Villages LLC and Jacob is entitled to summary

---

[18] Appellant App. 10 (emphasis added).

[19] Appellant App. 8.

9

judgment.

    C.    *Jacob's Other Arguments in Support of Summary Judgment*

Because the court finds summary judgment proper due to the lack of evidence demonstrating a transfer of partnership property, the court declines to reach Jacob's other arguments in support of summary judgment.

## CONCLUSION

The court affirms the bankruptcy court's decision in whole. The Clerk's Office is directed to enter judgment accordingly and close the case.

SO ORDERED.

DATED this 29th day of June, 2007.

                BY THE COURT:

                _____
                Paul G. Cassell
                United States District Judge